FILED
CLERK
4/20/2015 1:40 pm
U.S. DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
LONG ISLAND OFFICE

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
JOHN HAYES,

                Plaintiff,

     -against-

              OPINION AND ORDER
              14-CV-6578(SJF)(AKT)

MR. STEVEN BARNWELL, ESQ.,

                Defendant.
---------------------------------------------------------X
FEUERSTEIN, District Judge:

On November 5, 2014, incarcerated *pro se* plaintiff John Hayes ("plaintiff") filed a complaint against his court appointed attorney, defendant Steven Barnwell, Esq. ("Barnwell"), pursuant to 42 U.S.C. § 1983, with an application to proceed *in forma pauperis*.

A review of the declaration in support of the application to proceed *in forma pauperis* establishes that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fee. *See* 28 U.S.C. §§ 1914(a); 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted. However, for the reasons that follow, the complaint is *sua sponte* dismissed.

I.     Background[1]

The complaint alleges that during his arraignment, plaintiff advised the state court that he wanted to testify before the grand jury and that he had not waived any related constitutional rights. Compl. p. 5. Thereafter, Barnwell advised plaintiff that he had waived plaintiff's grand jury rights. *Id.* As a result of the waiver, plaintiff claims he suffered psychological torment,

---

[1] All material allegations in the complaint are assumed to be true for the purposes of this Order, *see, e.g., Rogers v. City of Troy, New York*, 148 F.3d 52, 58 (2d Cir. 1998) (in reviewing a *pro se* complaint for *sua sponte* dismissal, a court is required to accept the material allegations in the complaint as true).

emotional abuse and lost a significant amount of weight, for which he seeks damages in the sum of five million dollars ($5,000,000). *Id.* at ¶¶ IV.A.; V.

II. Discussion

A. *In Forma Pauperis* Application

Upon review of plaintiff's declaration in support of his application to proceed *in forma pauperis*, the Court finds that plaintiff's financial status qualifies him to commence this action without prepayment of the filing fees. *See* 28 U.S.C. § 1915(a)(1). Therefore, plaintiff's request to proceed *in forma pauperis* is granted.

B. Application of 28 U.S.C. § 1915

Under the *in forma pauperis* statute, 28 U.S.C. § 1915(e)(2)(B), a district court must dismiss a complaint if it is frivolous or malicious, fails to state a claim upon which relief may be granted or seeks monetary relief from a defendant who is immune from such relief.

It is axiomatic that district courts are required to read *pro se* complaints liberally, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *Hogan v. Fischer*, 738 F.3d 509, 515 (2d Cir. 2013), and to construe them "to raise the strongest arguments that they suggest." *Gerstenbluth v. Credit Suisse Securities (USA) LLC*, 728 F.3d 139, 142-43 (2d Cir. 2013) (quotations and citations omitted). Moreover, at the pleadings stage of the proceeding, the Court must assume the truth of "all well-pleaded, nonconclusory factual allegations in the complaint." *Harrington v. Cnty. of Suffolk*, 607 F.3d 31, 33 (2d Cir. 2010); *see also Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009).

Nevertheless, a complaint must plead sufficient facts "to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). The pleading

2

of specific facts is not required; rather a complaint need only give the defendant "fair notice of what the . . . claim is and the grounds upon which it rests." *Erickson*, 551 U.S. at 93 (quotations and citation omitted); *see also Anderson News, LLC v. Am. Media, Inc.*, 680 F.3d 162, 182 (2d Cir. 2012), *cert. denied by Curtis Circulation Co. v. Anderson News, LLC*, 133 S. Ct. 846 (2013) (accord). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.' " *Ashcroft*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). The plausibility standard requires "more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft*, 556 U.S. at 678; *see also In re Amaranth Natural Gas Commodities Litig.*, 730 F.3d 170, 180 (2d Cir. 2013).

1. Section 1983

Tile 42 U.S.C. § 1983 provides, in relevant part:

> Every person who, under color of any statute, ordinance,
> regulation, custom, or usage, of any State . . . subjects, or causes to
> be subjected, any citizen of the United States . . . to the deprivation
> of any rights, privileges, or immunities secured by the Constitution
> and laws, shall be liable to the party injured . . . .

"Section 1983 provides a cause of action against any person who deprives an individual of federally guaranteed rights 'under color' of state law." *Filarsky v. Delia*, 132 S. Ct. 1657, 1661 (2012). Thus, to state a § 1983 claim, a plaintiff must allege: (1) that the challenged conduct was "committed by a person acting under color of state law," and (2) that such conduct "deprived [the plaintiff] of rights, privileges, or immunities secured by the Constitution or laws of the United States." *Cornejo v. Bell*, 592 F.3d 121, 127 (2d Cir. 2010) (quoting *Pitchell v. Callan*, 13 F.3d 545, 547 (2d Cir. 1994)); *see also Rehberg v. Paulk*, 132 S. Ct. 1497 (2012).

Although § 1983 liability may be imposed only upon wrongdoers "who carry a badge of

3

authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it," *Nat'l Collegiate Athletic Ass'n. v. Tarkanian*, 488 U.S. 179, 191 (1988) (quotations and citation omitted); *see also Hafer v. Melo*, 502 U.S. 21, 28 (1991) ("Congress enacted §1983 to enforce provisions of the Fourteenth Amendment against those who carry a badge of authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.") (quotations and citations omitted)), "[a] private actor may be liable under § 1983 . . . if there is a sufficiently close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (quotations, internal quotations and citations omitted); *see also Fabrikant v. French*, 691 F.3d 193, 206-07 (2d Cir. 2012) ("Conduct that is formally 'private' may become so entwined with governmental policies or so impregnated with a governmental character that it can be regarded as governmental action. . . . [T]here must be such a close nexus between the state and the challenged action that the state is responsible for the specific conduct of which the plaintiff complains.") (quotations, alterations, emphasis and citations omitted)). "Anyone whose conduct is fairly attributable to the state can be sued as a state actor under § 1983." *Filarsky*, 132 S. Ct. at 1661 (quotations and citation omitted); *see also Fabrikant*, 691 F.3d at 207 ("The fundamental question . . . is whether the private entity's challenged actions are 'fairly attributable' to the state.") (quoting *Rendell-Baker v. Kohn*, 457 U.S. 830, 838 (1982)). To determine whether private conduct amounts to state action, three tests have emerged:

> For the purposes of section 1983, the actions of a nominally private entity are attributable to the state . . . (1) [when] the entity acts pursuant to the coercive power of the state or is controlled by the state ('the compulsion test'); (2) when

4

> the state provides significant encouragement to the entity, the entity is a willful participant in joint activity with the state, or the entity's functions are entwined with state policies ('the joint action test' or 'close nexus test'); or (3) when the entity has been delegated a public function by the state ('the public function test').

*Fabrikant*, 691 F.3d at 207 (quoting *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (alteration in original)).

A claim for relief under § 1983 must allege facts sufficient to establish that the defendant acted under color of state "statute, ordinance, regulation, custom or usage." 42 U.S.C. § 1983. Private attorneys, whether court appointed or privately retained, are generally not liable under § 1983. *See Rodriguez v. Weprin*, 116 F.3d 62, 65-66 (2d Cir. 1997) ("[I]t is well-established that court-appointed attorneys performing a lawyer's traditional functions as counsel to defendant do not act 'under color of state law' and therefore are not subject to suit under 42 U.S.C. § 1983.") (citing *Housand v. Heiman*, 594 F.2d 923, 924-25 (2d Cir. 1979)); *accord Polk Cnty. v. Dodson*, 454 U.S. 312, 325 (1981) (public defenders do not act under color of state law).

"Like the state-action requirement of the Fourteenth Amendment, the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *Am. Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks and citations omitted). Plaintiff alleges no facts from which the Court can reasonably find that the challenged conduct "may be fairly treated as that of the State itself." *Sykes*, 723 F.3d at 406. Thus, Barnwell is not a state actor for the purposes of § 1983 and, accordingly, there is no state action and plaintiff's § 1983 claim against Barnwell is dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1) for failure to state a claim.

III.     Conclusion

For the reasons set forth above, plaintiff's application to proceed *in forma pauperis* is granted and the complaint is *sua sponte* dismissed in its entirety pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b). The Clerk of the Court shall close this case and, pursuant to Rule 77(d)(1) of the Federal Rules of Civil Procedure, serve notice of entry of this Order upon plaintiff in accordance with Rule 5(b) of the Federal Rules of Civil Procedure.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

**SO ORDERED.**

Dated: April 20, 2015
         Central Islip, New York

                                                                    /s/
                                                Sandra J. Feuerstein, U.S.D.J.